IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy Montoya, | No. CV 11-8124-PCT-JAT (ECV) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

Petitioner, confined in the Arizona State Prison Complex, Florence, Arizona, and proceeding pro se, has filed a Petition Under 28 U.S.C. § 2254 For A Writ of Habeas Corpus By A Person In State Custody (Non-Death Penalty). (Doc. 1). Respondents have filed an Answer (Doc. 13) and Petitioner has filed a Reply. (Doc. 14).

**I.    Background**

In the spring of 2007, Petitioner was charged in a series of criminal cases filed in the Superior Court, Mohave County, Arizona. (Doc. 13 at 2 & Ex. K-L).[1] In his § 2254 Petition, Petitioner challenges his conviction in Case No. CR-2007-0363, Mohave County Superior Court. (Doc. 1 at 1-2). Regarding this conviction, on March 14, 2007, Petitioner was charged by information with fraudulent schemes and artifices, a Class 2 felony, and theft, a Class 6

---

[1]  Exhibits are attached with Respondents' Answer at Doc. 13.

1   felony, stemming from his alleged rental of a carpet cleaner and failure to return it. (Ex. A-
2   B).  Petitioner was represented by attorney Kenneth L. Sondgeroth.  (Ex. C-D).

3          On June 12, 2007, the jury returned a verdict of guilty on both counts. (Ex. BB at 196-
4   97 & Ex. CC at 2-5).  On July 31, 2007, Petitioner was sentenced to the presumptive term
5   of one year on the theft conviction and to a concurrent mitigated sentence of four years on
6   the fraudulent schemes and artifices conviction.  (Ex. OO at 17-19, Ex. PP at 2-3 & Ex. YY).
7   Petitioner was ordered to pay $473.00 in restitution. (Ex. QQ at 7 & Ex. RR at 1).

8          The evidence showed that on October 6, 2006, Petitioner rented the carpet cleaner
9   from a store for 24 hours but failed to return it. (Ex. Z at 43-45 & Ex. HHH).  When the store
10  clerk contacted Petitioner a "couple [of] weeks later," he told her a friend from California
11  had taken it and he was going to try and get it back. (Ex. HHH).  The store manager later
12  contacted Petitioner who said the carpet cleaner had been stolen from him and he had filed
13  a police report.  (*Id.*).  The machine was owned by someone other than the store and the
14  owner contacted Petitioner and offered to charge him for only three days' rental if he
15  returned the cleaner.[2]  Petitioner told the owner he did not know where the carpet cleaner
16  was. The owner said he would press charges if the machine was not returned. (*Id.*).  On
17  January 9, 2007, the police were at the Parra-Rodriguez residence on another matter and
18  came across the carpet cleaner in the garage.  (Ex. Z at 83-87). This family had a close
19  relationship with Petitioner. (Ex. HHH). Petitioner testified at trial he used the carpet cleaner
20  to do a job and asked a man who helped on the job to return it.  When he learned the cleaner
21  had not been returned, he tried unsuccessfully to contact that person. (Ex. HHH).

22         Petitioner filed a notice of post-conviction relief in the trial court under
23  Ariz.R.Crim.P. 32. (Ex. SS). The trial court appointed counsel to represent Petitioner in the
24  post-conviction proceedings. (Ex. TT).  Petitioner also filed a "motion for release" which the
25  trial court denied.  (Ex. UU).  Petitioner's appointed counsel filed a motion to dismiss the
26  post-conviction proceedings without prejudice because Petitioner had filed a notice of appeal.

---

28      [2]  William Higgins owned the carpet cleaner.  (Ex. Z at 57-61).

The proceedings were dismissed. (Ex. VV). Petitioner on appeal challenged the sufficiency of the evidence that supported his convictions. (Ex. CCC, DDD & FFF). While his appeal was pending, Petitioner submitted another motion for release dated July 18, 2008. (Ex. EEE).

On November 18, 2008, the Arizona Court of Appeals issued a memorandum decision affirming Petitioner's theft conviction and reversing and setting aside his conviction and sentence for fraudulent schemes and artifices. (Ex. HHH [*State of Arizona v. Leroy Montoya*, Case No. 1 CA-CR 07-0690 (Ariz. App. Mem. Nov. 18, 2008)]). On January 2, 2009, the state appellate court filed its order and mandate noting a motion for reconsideration and petition for review had not been filed. (Ex. III).

However, Petitioner did submit to the state appeals court a motion for reconsideration that was dated and seemingly mailed on December 22, 2008 and bears a file stamp of January 14, 2009. (Ex. KKK). The Arizona Court of Appeals denied Petitioner's motion for reconsideration on January 22, 2009. (Ex. LLL). Petitioner's counsel, but not Petitioner, was noted as a recipient of the mailed Order. (*Id.*).

In a letter dated January 22, 2009, Petitioner notified the trial court that his family was being prevented from posting bond due to an alleged "hold" on him. (Ex. MMM). The trial court issued two orders following receipt of Petitioner's letter.

In an Order filed on January 29, 2009, the trial court acknowledged receipt of Petitioner's letter and that Petitioner still had criminal cases pending in Mohave County for which the court had set release conditions. (Ex. NNN). The trial court observed that Petitioner "in effect [was] being held without release conditions because of confusion about the sentence in CR-2007-0363." (*Id.*). After noting Petitioner had received 156 days credit for time served and mentioning the state court of appeals ruling, the trial court determined Petitioner's sentence in CR-2007-0363 "effectively became one year in prison with credit for 156 days time served" and that Petitioner's "sentence should have been completed on February 25, 2008." (*Id.*). The trial court ruled in the Order as follows:

> IT IS ORDERED releasing [Petitioner] on CR-2007-0363 as he has completed the sentence imposed in that case.

> The Court would prefer if this order closes out the file in CR-2007-0363. However, if it is required by law or policy that the Defendant must be transported to the Arizona Department of Correction to close out the case file in CR-2007-0363 and remove the current hold,
>
> IT IS ORDERED that the Mohave County Sheriff's Office transport [Petitioner] to the appropriate prison facility to have that done.
>
> If that transport is required, when [Petitioner's] file is closed at the Department of Corrections regarding CR-2007-0363,
>
> IT IS FURTHER ORDERED that [Petitioner] be transported back to the Mohave County Jail to be held under the release conditions currently in place in CR-2007-0058, CR-2007-0095 and CR-2007-0190.

(Ex. NNN).

In a second Order filed on February 2, 2009, the trial court "waiv[ed] the requirement for community supervision previously imposed in this matter, as [Petitioner's] sentence actually terminated on February 25, 2008 and any period of community supervision would have ended." (Ex. NNN).

In August 2009, Petitioner filed a second notice of post-conviction relief. He filed a petition for post-conviction relief in or about September 2009. (Ex. RRR). Petitioner's appointed post-conviction counsel found no claims for relief to file in the post-conviction proceedings and requested an extension of time for Petitioner to file a pro se supplemental post-conviction petition which was granted. (Ex. YYY & ZZZ).

In June 2010, Petitioner filed a pro se supplemental Petition for Post-Conviction Relief primarily arguing he received ineffective assistance of counsel. (Ex. CCCC). After the matter was fully briefed, on September 23, 2010, the trial court denied post-conviction relief, finding Petitioner had not raised any colorable claims showing ineffective assistance of trial counsel. (Ex. IIII). Petitioner filed in the trial court a "motion for ruling" that was file-stamped September 24, 2010. (Ex. JJJJ). In or about November 2010, Petitioner filed in the Arizona Court of Appeals a request for an extension of time to file a motion for reconsideration. (Ex. KKKK). Petitioner thereafter filed in the trial court a motion for

extension of time to file motion for reconsideration, a motion for reconsideration and a motion for ruling. (Ex. MMMM - OOOO). In or about January 2011, Petitioner filed a petition for review in the Arizona Court of Appeals that was dismissed as untimely although the appellate court observed the trial court might allow a late filing if supported by proper evidence. (Ex. PPPP & QQQQ). In or about February 2011, Petitioner filed a motion for late filing in the Arizona Court of Appeals which was dismissed without prejudice to the filing of an appropriate motion in the trial court. (Ex. RRRR & SSSS).

In March 2011, Petitioner filed a motion for late filing in the trial court and asked for a ruling on previously-filed enumerated motions. (Doc. 13 at 11-12 & Ex. UUUU). On April 7, 2011, the trial court denied on the merits and for untimeliness Petitioner's motion for reconsideration but did not appear to rule on Petitioner's motion seeking leave to allow a late filing of the petition for review in the court of appeals. (Ex. UUUU). In June 2011, Petitioner filed a motion to accept late filing in the Arizona Court of Appeals that was construed as a motion for reconsideration and denied. (Ex. VVVV & WWWW).

In his Petition for Writ of Habeas Corpus in the federal district court, Petitioner asserts two grounds for relief. (Doc. 1).

In Ground One, Petitioner contends he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments. (Doc. 1 at 6-6A). Petitioner identifies ten issues on which defense counsel allegedly was ineffective:

(1) Counsel failed to ensure that Bullhead City Police Officer Jeanette Briggs who wrote the October 18, 2006 police report would testify at trial;

(2) Counsel failed to ensure that Andrew and Abraham Parra-Rodriguez would testify at trial;

(3) Counsel failed to ensure that Norma Rodriguez would testify at trial;

(4) Counsel failed to ensure that Randy Fisher would testify at trial;

(5) Counsel failed to properly investigate, hire a private investigator, file proper motions or respond to motions filed by the State;

(6) Counsel failed to properly interview witnesses, police officers, and prosecutors regarding the July 11, 2007 incident;

(7) Counsel failed to introduce the October 23, 2006 incident report of State's witness Bullhead City Police Officer Alan Harrison in which Harrison advised Store Manager Mr. Criss and Bill Higgins that "he could go after Montoya in civil court for the cleaner" and that Petitioner had already filed a police report for the theft of the carpet cleaner;

(8) Counsel failed to admit evidence that the owner filed a small-claims suit against Petitioner which was later dismissed;

(9) Counsel failed to present that Officer Briggs' police report contains Briggs' statement that characterizes the offense as a misdemeanor and not a felony; and,

(10) Counsel failed to present evidence that the police report Officer Briggs wrote on ___[3] and the alleged second police report were falsified by Bullhead City police officers.

In Ground Two, Petitioner contends the bid system for obtaining indigent counsel in Mohave County "regarding allowable case loads" violated his state and federal rights. (Doc. 1 at 7). In support of Ground Two, Petitioner has listed alleged circumstances concerning trial counsel as including the following:

(1) Counsel specialized in civil and real estate law;

(2) Petitioner had seven pending cases involving 22 felonies when counsel was assigned to his case;

(3) Counsel did not file any motions regarding the seven cases to indicate those cases were complex;

---

[3] The underline indicates a blank space in this allegation.

- 6 -

(4) Counsel informed Petitioner that Petitioner was his first contract case and admitted he might be "in over his head" because he did not do many criminal cases;

(5) Counsel was incompetent in criminal law and regarding what a defense attorney should investigate and in criminal procedure, jury selection, Rule 20, and interviews; and,

(6) Counsel's case load was "above the allowable" in that it included approximately 92 felony cases, 57 misdemeanor cases and 34 types of other cases.

## II. Discussion

### A. Timeliness of the Petition

Respondents have concluded that Petitioner's habeas petition was timely filed. (Doc. 13 at 14).

### B. Subject-Matter Jurisdiction

Respondents argue the court lacks subject-matter jurisdiction to consider Petitioner's habeas petition (Doc. 13 at 13), noting Petitioner's conviction for fraudulent schemes and artifices for which he received a four-year sentence was reversed and he completed his one-year sentence on the affirmed theft conviction on February 25, 2008. Respondents argue that while Petitioner was "in custody" for other crimes when he filed the pending habeas petition, he has failed to challenge any conviction he is either currently serving or that is otherwise affected by the conviction he is presently challenging in this habeas petition. Respondents contend Petitioner has not satisfied the "nexus" requirement under 28 U.S.C. § 2254(a) that his "in custody" status will be potentially affected by the resolution of his federal habeas petition, citing *Bailey v. Hill*, 599 F.3d 976, 978-81 (9th Cir. 2010), and *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005).

Here, the state trial court determined that Petitioner should have completed his sentence on the theft conviction on February 25, 2008. Petitioner submitted his present

- 7 -

1 habeas petition regarding his theft conviction on July 22, 2011.[4]  It appears Petitioner was 2 not "in custody" when he filed his habeas petition.  Generally, a petitioner is no longer in 3 custody for purposes of federal habeas jurisdiction where the sentence imposed has fully 4 expired prior to the filing of the petition. *See Maleng v. Cook*, 490 U.S. 488, 490-92 (1989) 5 (per curiam).

6 Respondents recognize in the alternative that Petitioner in his reply may argue that one 7 or more of the sentences he is presently serving are affected by the one-year sentence he 8 received and completed on the theft conviction or that some other form of "collateral 9 consequences" may flow from his theft conviction.  *See Spencer v. Kemna*, 523 U.S. 1, 7-16 10 (1998).  Respondents alternatively have addressed the merits of Petitioner's habeas claims.

11 Petitioner asserts in his Reply that his completed one-year sentence on the theft 12 conviction was used as a prior conviction in CR-2007-0058 and CR-2007-0095. (Doc. 14 at 13 2). Petitioner has not supported this assertion with a citation to the state court record or 14 submitted documents. Petitioner has alleged in the Petition he is serving a 19-year state court 15 sentence imposed in April 2009. (Doc. 1 at 10).

16 The Court has found in the record a purported "Judgment & Sentencing Prison" filed 17 on November 12, 2010 in *State of Arizona v. Leroy Montoya*, Case No. CR-2007-0058, 18 Superior Court, Mohave County, State of Arizona, regarding Petitioner's conviction on other 19 state criminal offenses. More specifically, this purported "Judgment" shows that as to 20 Petitioner's conviction on Count 2 - Criminal Damage, Petitioner was sentenced to two years 21 and this sentence "is an aggravated sentence with one historical felony conviction out of 22 Mohave County Superior Court Cause Number CR-2007-0363 for Theft, committed on 23 October 18, 2006." (Doc. 13, Ex. RRRR, Pet. Mot. for Late Filing, Ex. B). Petitioner's

---

[4] Petitioner declared that he placed his § 2254 petition in the prison mailing system on July 22, 2011.  (Doc. 1 at 11).  The Court applies the "mailbox rule" in this case. *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (under the mailbox rule, which applies to state and federal petitions alike, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court") (citation omitted).

pending pro se habeas petition challenging an expired conviction may be liberally construed as an attack on Petitioner's current sentence as enhanced by the allegedly invalid conviction. *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (citing *Maleng*, 490 U.S. at 491-94); *Brock v. Weston*, 31 F.3d 887, 890 (9th Cir. 1994) (discussing *Feldman*). The court will consider Petitioner's Grounds One and Two.

### C. Exhaustion of State Remedies and Procedural Default of Claims

Respondents acknowledge that Petitioner attempted to exhaust his state remedies but the state courts unreasonably declined to rule on his efforts. (Doc. 13 at 15). Respondents have declined to raise a procedural default defense under the facts of this case. (*Id.*).

### D. Merits Analysis of Grounds One and Two

#### 1. Legal Standards

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Harrington v. Richter*, 131 S.Ct. 770, 785-86 (2011). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams*, 529 U.S. at 405-06. A state court's decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The "unreasonable application" clause requires the state court's application of Supreme Court law to be more than incorrect or erroneous; it must be objectively unreasonable. *Id.*

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S.Ct. at 786-87.

"Clearly established Federal law" in § 2254(d)(1) refers to the Supreme Court's precedents in effect at the time the state court renders its decision. *Lockyer*, 538 U.S. at 71-72; *Greene v. Fisher*, 132 S.Ct. 38, 44 (2011). "A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of this Court." *Thaler v. Haynes*, 130 S.Ct. 1171, 1173 (2010). In applying these standards, the federal habeas court reviews the last reasoned decision by the state court. *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

Criminal defendants are entitled to the effective assistance of counsel under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88, 694. With respect to the first component, it is strongly presumed that counsel's performance fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Regarding the second component, a petitioner must establish prejudice. A claim of ineffective assistance of counsel fails if either prong of the analysis is not met and the petitioner bears the burden of establishing both prongs. *Strickland*, 466 U.S. at 697; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). Petitioner bears the burden of showing the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *See Bell v. Cone,* 535 U.S. 685, 698-99 (2002).

**2.     Application**

**a.     Ground One - Ineffective Assistance of Trial Counsel (subclaims 1-10)**

# 1.     Petitioner contends counsel failed to ensure that Bullhead City Police Officer

- 10 -

1 Briggs testified at trial but does not explain why this constitutes deficient performance. 2 Respondents note that the jury would have heard Officer Briggs confirm that Petitioner 3 reported the carpet cleaner stolen. The trial court ruled the police report was likely 4 inadmissible hearsay but Briggs could be questioned as indicating Petitioner made a report. 5 (See Doc. 13 at 20 & Ex. J, M-N & O at 5-10).  Although Officer Briggs was not called as 6 a defense witness, Petitioner was not prejudiced. The jury was made aware that Petitioner 7 had filed a report with the police concerning the missing carpet cleaner through Petitioner's 8 testimony and the testimony of the store manager. (Ex. Z at 52-55, 132-33, 139).

9 ## 2-3.  Petitioner contends counsel was deficient for not calling as witnesses Andrew 10 and Abraham Parra-Rodriguez and their mother, Norma Rodriguez. He previously claimed 11 they would have provided testimony about the carpet cleaner being found at their house. 12 (Doc. 13 at 22-23 & Ex. J at 2, Ex. CCCC at 12 ¶¶ 2-4).  At a pretrial hearing, counsel and 13 the court discussed that the carpet cleaner was found at the Parra-Rodriguez house and 14 Andrew and Abraham Parra-Rodriguez either would not testify or might invoke the Fifth 15 Amendment if called to testify. Counsel was unsure what these proposed witnesses would 16 say if called to testify. (Ex. O at 13-17). Petitioner does not provide these proposed 17 witnesses' affidavits or elaborate on how their testimony would have been exculpatory. 18 *Shepard v. Chavez*, 2012 WL 4038446 *22-23 (E.D. Cal. 2012) (ineffective assistance claim 19 insufficient where petitioner failed to provide direct evidence that proposed witness would 20 have testified in a manner that might have led to a different result at trial, citing cases).

21 # 4.   Similarly, Petitioner has not proffered the proposed testimony of Randy Fisher. 22 Defense counsel proffered in his Notice of Defenses that Fisher would testify about "the 23 carpet cleaning machine and his use of the same." (Ex. J at 2). The record contains a letter 24 allegedly written by Fisher to the sentencing court on Petitioner's behalf stating in part: "I 25 was with Leroy Montoya on two separate occasions, to where the machine was absolutely 26 'for-gotton.' [sic] So much work and activity was presence, that although I did the work, I 27 thought, Leroy thought I had, he had returned it." (Ex. LL).  Petitioner testified at trial he 28 left the carpet cleaner with Randy Fisher. When asked at trial, "And where's Randy today?",

- 11 -

Petitioner answered, "I don't know, sir." (Ex. Z at 138). Petitioner has not shown counsel was ineffective in not calling Fisher as a witness.

## 5-6.   In his fifth subclaim, Petitioner contends counsel failed to investigate his case, hire a private investigator, and file proper motions and responses. He does not identify what should have been investigated, what motions and responses should have been filed, and how the outcome of the trial would have been different. In his sixth subclaim, Petitioner contends counsel failed to interview witnesses, police officers and prosecutors regarding the incident on July 11, 2007. Respondents speculate Petitioner is referring to an incident in which he and his attorney prior to sentencing went to the police station for an alleged "free talk" regarding a possible plea bargain but Petitioner was arrested. (Doc. 13 at 25). Conclusory allegations of counsel's omissions are insufficient. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (conclusory allegation that counsel provided ineffective assistance failed to state a valid claim of constitutional violation).

# 7.   Petitioner contends counsel failed to introduce testimony regarding Police Officer Alan Harrison's incident report that Harrison advised the store manager and carpet cleaner owner they could pursue the matter against Petitioner in civil court and that Petitioner had filed a report for the theft of the cleaner. Petitioner has not shown how the outcome of the trial would have been different even if the jury knew of Harrison's alleged advice regarding a civil suit. As previously discussed, evidence that Petitioner reported the carpet cleaner stolen to the police was admitted.

# 8.   Petitioner contends counsel was ineffective for not introducing evidence that the carpet cleaner owner filed a small-claims suit against Petitioner and then dismissed it. Petitioner has not explained how such evidence would have affected the outcome of the trial. The evidence showed the carpet cleaner was recovered by the police. Petitioner submitted with a state post-conviction filing an order of dismissal filed in the Justice Court dated July 20, 2007 showing dismissal of a suit by Higgins against him regarding the carpet cleaner. (Doc. 13, Ex. CCCC [Pet. at Ex. I]). The jury's verdict on the underlying criminal charges

- 12 -

involving the carpet cleaner was returned on June 12, 2007. The dismissal of a small-claims suit was mentioned at the July 31, 2007 sentencing hearing. (Ex. OO at 15).

#9.    Petitioner contends counsel was ineffective for failing to present evidence that Officer Briggs in her police report characterized the offense as a misdemeanor. The charging decision was ultimately made by the prosecutor, not a police officer. *See State v. Serna*, 857 P.2d 384, 388 (Ariz. App. 1993) (rejecting defendant's contention he should have been charged with a different crime, noting that charging decisions are within the prosecutor's discretion).

# 10.    Petitioner contends counsel "failed to present evidence that the police report that Officer Briggs wrote on ____ and the alleged 2nd police report was falsified by Bullhead City police officers." Petitioner does not identify the date of either report or explain how they were allegedly "falsified." Petitioner's conclusory allegations are not sufficient to show counsel provided ineffective assistance at trial.

**b.    Ground Two - Mohave County Bid System and Alleged Problems with Counsel's Representation**

In Ground Two, Petitioner contends the bid system for obtaining counsel for indigent defendants in Mohave County "regarding allowable case loads" violated his state and federal rights. (Doc. 1 at 7). In support of this claim, he alleges circumstances without discussion concerning defense counsel, including counsel specialized in civil and real estate law, Petitioner had seven pending cases when counsel was assigned, counsel admitted he was "in over his head," and counsel was incompetent. Petitioner does not further explain how his federal rights have been violated. He has not raised the issues in Ground Two as part of his ineffective assistance of counsel claim. Petitioner's Ground Two is conclusory and does not warrant habeas relief.

**III.    Conclusion**

The court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

- 13 -

That the Petition Under 28 U.S.C. § 2254 For A Writ of Habeas Corpus By A Person In State Custody (Non-Death Penalty) (Doc. 1) be **DENIED AND DISMISSED WITH PREJUDICE;**

**IT IS FURTHER RECOMMENDED:**

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 5th day of December, 2012.

_____
Edward C. Voss
United States Magistrate Judge