**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LeRoy Montoya, ) | No. CV 11-8124-PCT-JAT |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan; et al., ) | |
| Respondent. ) | |

On December 5, 2012, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation recommending that the habeas petition in this case be denied. Petitioner has filed a motion for extension of time to file objections to the Report and Recommendation. Petitioner has also filed several other motions.

First, all of Petitioner's motions for ruling on his habeas petition will be denied. The Court cannot rule on the petition until Petitioner files his objections.

Next, Petitioner has a motion pending for one free electronic copy of his file. This motion will be denied because the Court has no means by which to provide Petitioner with an electronic copy of his file, nor does the Court know if the prison has any means by which Petitioner could view an electronic copy of his file.

There remains, however, an issue regarding whether Petitioner has access to his file in paper form. In other words, the Court cannot determine from this record whether Petitioner has access to a paper copy of his file. *See* Doc. 27 and Doc. 28. Previously, the

1 Magistrate Judge ordered Respondent to advise the Court whether Petitioner has access to 2 his file. Respondent indicated a response would be forthcoming, but none has been filed. 3 Specifically, counsel for Respondent in this case indicated that counsel for Respondent for 4 purposes of prisoner civil rights cases would be responding to the Magistrate Judge's order; 5 but said second counsel has not actually responded.

6 A federal court in California faced a similar question in the habeas context. 7 *See Peyton v. Woodword*, 2007 WL 120007 (E.D. Cal. January 11, 2007). In *Peyton*, 8 Petitioner alleged that he was being denied access to his legal materials and that such denial 9 was impeding his ability to file a supplement to his objections to the Report and 10 Recommendation issued by the Magistrate Judge. The Court held as follows:

> ...Petitioner is advised that generally claims concerning the conditions of one's confinement are more properly raised in a civil rights complaint filed pursuant to 28 U.S.C. § 1983. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991), quoting, *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, a civil rights action is the proper method for a prisoner to challenge the conditions of his confinement. *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser*, 411 U.S. at 499; *Badea*, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
>
> ...
>
> Petitioner alleges a denial of his right of access to the courts. The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Lewis v. Casey*, 518 U.S. 343 [sic] at 354-55. A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id*. at 353. Further, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather, the legal claim which was allegedly interfered with must involve either an inmate's attempt to attack his sentence or an action to challenge the conditions of his confinement. The Ninth Circuit has interpreted this to mean that the right extends only through the pleading stage, and is not a right to successfully litigate the matter through resolution. *See Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir.1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

27 *Id.* at *1-2.

28 Here, Petitioner has successfully filed a habeas petition; thus, this case has advanced

- 2 -

beyond the pleading stage. Accordingly, the Court finds, even accepting Petitioner's allegations as true, that he cannot show the actual injury required by *Casey* for this Court to grant him relief regarding access to his legal file.[1] However, because the Magistrate Judge's Order and the Respondent's response suggested that Petitioner might obtain further relief regarding access to his file, the Court will give Petitioner additional time to file his objections.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's motions for ruling on his petition (Docs. 18 and 24) are denied.

**IT IS FURTHER ORDERED** that Petitioner's motion to receive an electronic copy of his file (Doc. 32) is denied.

**IT IS FINALLY ORDERED** that Petitioner's motion for extension of time to file objections (Doc. 31) is granted to the limited extent that Petitioner's objections to the Report and Recommendation are due within 30 days of this Order.

DATED this 30th day of January, 2013.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge

---

[1] Nothing in this Order shall be construed as having any issue preclusion or claim preclusion effect on Petitioner's ability to bring a § 1983 claim regarding his access to the courts issues.