**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy Montoya,            )<br>                                      )<br>         Plaintiff,           )<br>                                      )<br>vs.                               )<br>                                      )<br>Charles L. Ryan, et. al.,  )<br>                                      )<br>         Defendant.        )<br>_____) | No. CV 11-8124-PCT-JAT-ECV<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that this Court deny the Petition. Petitioner has filed objections to the R&R.

**I.    Review of Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object.").

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). If Petitioner failed to exhaust a claim before the state courts (and is now barred from exhausting the claim resulting in a procedural default of the claim) this Court must decline to reach the merits of that claim unless Petitioner shows cause and prejudice to excuse that procedural default. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). However, "[a]n application for a writ of habeas corpus may be <u>denied</u> on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2)(emphasis added).

In his Petition, Petitioner raises two theories for habeas relief: 1) that he received ineffective assistance of counsel, and 2) that the bid system for obtaining indigent counsel in Mohave County "regarding allowable case loads" violated his state and federal rights. (Doc. 1 at 7). This Court will review the theories on which Petitioner filed an objection de novo.

## II. Factual Background

As recounted in the R&R, Petitioner brings this Petition to challenge his conviction for theft, stemming from his alleged rental of a carpet cleaner and failure to return it. R&R at 1-2. In his Objections, Petitioner does not dispute the recounting of the background in the R&R at pages 1-7; accordingly, the Court accepts and adopts this factual background.

---

[1] In applying federal law the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

- 2 -

**III.     Ineffective Assistance of Counsel**

Petitioner claims his trial counsel was ineffective. Petitioner identifies ten issues that fall into two general categories: 1) counsel's pretrial investigation was inadequate; and 2) counsel's strategy was inadequate.

Generally, under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Without specifics that cause the court to have such doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (noting that petitioner needs to "identify what evidence counsel should have presented" to show his innocence).

### A.     Adequacy of Counsel's Investigation

> "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. We evaluate the scope of the duty to investigate in light of the context of trial. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

*Hovey v. Ayers,* 458 F.3d 892, 909 (9th Cir. 2006).

In his Objections, Petitioner contends that counsel failed to locate and interview potential witnesses. Objections at 12. Trial counsel is not required to interview every possible witness to be effective. *See generally Bobby v. Van Hook*, 558 U.S. 4, 9-12 (2009). Furthermore, Petitioner offers nothing but his own conclusions and allegations to argue that

1  his counsel did not investigate the case. Petitioner's speculation about what counsel
2  allegedly did not do cannot support an ineffective assistance of counsel claim. *See Grisby*
3  *v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997).

Petitioner also contends that the Incident Report Form (Doc. 34 at 39) was falsified and that counsel could have proven this if counsel had investigated and if PSA Briggs had testified. Objections at 6. Petitioner alleges that PSA Briggs was not a police officer, and that her Incident Report Form contained inaccurate information about Petitioner's Gemstone Avenue address, specifically information which could only have been known months after the October 18, 2006 incident with the carpet cleaner had occurred. Objections at 6-9. Briggs is a Police Service Aide (badge number A238) who took Petitioner's statement regarding the stolen carpet cleaner at the Bullhead City police department. Doc. 34 at 21. While this Court cannot determine on exactly what date the Incident Report Form was completed, the statement at the bottom seems to indicate that the report was updated in February 2007. Thus, the Gemstone Avenue address is consistent with where Petitioner was living in early 2007 and does not indicate that the report was falsified. Petitioner also compares the Incident Report Form to his Victim Rights Request Form (Doc. 34 at 21) to argue that the Incident Report Form was falsified. Objections at 7-9. The Victim Rights Form is only signed by Petitioner and contains information provided by the Petitioner to PSA Briggs. It is not an official police report; thus, any discrepancy with the official Incident Report Form does not constitute a dispute of fact or a falsified document. Because Petitioner's arguments do not establish any basis to call the documents into question, counsel's alleged lack of investigation and decision not to have PSA Briggs testify were not deficient performance.

### B. Adequacy of Counsel's Strategy

In cases where a counsel's strategy is challenged, this Court "will not second-guess such decisions or use hindsight to reconstruct the circumstances of counsel's challenged conduct." *Mancuso v. Olivarez*, 292 F.3d 939, 954-55 (9th Cir. 2002); *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984) ("tactical decisions by counsel with which the defendant

1  disagrees cannot form the basis of a claim of ineffective assistance of counsel").

2  In his Objections, Petitioner contends that counsel failed to ensure that Abraham
3  Parra-Rodriguez, Andrew Parra-Rodriguez, Norma Rodriguez, and Randy Fisher testified
4  at trial. Objections at 9-12. A petitioner may not use self-serving speculation to argue that
5  a witness might have had favorable testimony. *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir.
6  1997); *United States v. Ashimi* 932 F.2d 643, 650 (7th Cir. 1991). Petitioner states that the
7  witnesses' testimony would establish that the carpet cleaner was stolen and was found at the
8  Parra-Rodriguez residence. Objections at 11. However, Petitioner also states that counsel
9  believed the witnesses would invoke the Fifth Amendment, and that they would not be good
10 witnesses because they were gang members with criminal records. *Id.* In addition,
11 Petitioner's Ex. G states that counsel's theory of the case was that Petitioner's failure to
12 return the carpet cleaner was an oversight, not a theft. Doc. 34 at 34. Under counsel's
13 strategy, the witnesses' testimony would not have been necessary, and the Court will not
14 second guess counsel's strategic decisions.

15 Petitioner also objects to counsel's failure to: 1) introduce testimony regarding Police
16 Officer Alan Harrison's discussion with the store manager, Mr. Criss, about suing Petitioner
17 in civil court; and 2) admit evidence that the carpet cleaner's owner Bill Higgins's small
18 claims suit against Petitioner was dismissed. Objections at 12. The R&R states that
19 Petitioner did not show how the outcome of the trial would have been different if this
20 testimony and evidence had been introduced by counsel. R&R at 12. In his Objections,
21 Petitioner contends that not including this testimony prevented the jury from
22 "experienc[ing]" Petitioner's case. Objections at 13. However, this objection does not show
23 that Petitioner was prejudiced by counsel's failure to admit this evidence. Accordingly, this
24 objection does not establish that counsel's performance was deficient.

25 **IV.   Mohave County Bid System**

26 Petitioner does not object to the R&R's analysis of Petitioner's claim that there are
27 problems with the Mohave County Bid System; therefore, the Court accepts and adopts the
28 conclusion of the R&R that this claim does not warrant habeas relief. R&R at 13.

## V. Request for Evidentiary Hearing

In the title of his Objections, Petitioner requests an evidentiary hearing. However, in the objections themselves, Petitioner does not specify what evidence is available that warrants an evidentiary hearing. Under 28 U.S.C. § 2254(e)(2), a petitioner is entitled to an evidentiary hearing if he presents a "meritorious claim" and he exercised reasonable diligence in developing the factual record in the state proceedings. *Williams v. Taylor*, 529 U.S. 420, 434-37 (2000). A petitioner exercises the diligence necessary to preserve a claim if "the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435.

Thus, in order to qualify for an evidentiary hearing, Petitioner must both: "(1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Belmontes v. Brown*, 414 F.3d 1094, 1124 (9th Cir. 2005). No hearing is necessary, however, if this Court "is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial . . . ." *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991); *see also Siripongs v. Calderon*, 35 F.3d 1308, 1314 (9th Cir. 1994) (In a capital case, a habeas petitioner who asserts a colorable claim to relief, and who has never been given the opportunity to develop a factual record on that claim, is entitled to an evidentiary hearing in federal court.).

In his Objections, Petitioner alleges that there was testimony that would have supported the defense, but he does not offer any specific information regarding what that testimony would have been. The Court finds that Petitioner has not made any allegations that, if true, would warrant habeas relief. Accordingly, the Court will not conduct an evidentiary hearing.

## VI. Conclusion

**IT IS ORDERED** that the Report and Recommendation is accepted and adopted (Doc. 30), the objections are overruled (Doc. 34), the Petition in this case is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

1       **IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing
2  Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a
3  certificate of appealability and leave to proceed *in forma pauperis* on appeal because
4  Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28
5  U.S.C. § 2253(c)(2).

DATED this 25th day of June, 2013.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge